Your Honor, the second case of the morning called 212-1219, People's State of Illinois v. Darvin T. Henderson. On behalf of Mr. Henderson, Carrie J. Bryson. On behalf of People, Ms. Victoria E. Joseph. Thank you, Ms. Bryson. We're going to proceed. We had a lot of guest arguers this morning. We had the 1st District, 1st, and now the 3rd District. Well, I hope I don't let you down. You're welcome. May it please the Court, Counsel. My name is Carrie Bryson, and on behalf of the Office of the State Appellate Defender, I represent Darvin Henderson in this matter. This case is the appeal from the summary dismissal of Mr. Henderson's pro se post-conviction petition at the first stage of post-conviction proceedings. We've alleged two errors in the brief, both arguing that the Court should not have summarily dismissed the petition because Mr. Henderson's petition in supporting documentation presented an arguable claim of, in the 1st issue, actual innocence, and in the 2nd issue, ineffective assistance of counsel for failing to investigate two witnesses. Initially, it should be noted that the trial court, in summarily dismissing the petition, used a wrong standard. The Court wrote a lengthy written order dismissing the petition and repeatedly referred to the defendant having not established elements of the claims. As this Court is well aware, and as the case law is very clear on, at the first stage, the defendant isn't required to establish the claims. It's whether or not he's stated an arguable basis of a claim, such that it's not frivolous or patently without merit. Hodges is very clear on that. Hodges is very clear that this is a lenient standard. The Court should be looking toward allowing even borderline cases to proceed if there's an arguable basis in law, and in fact, had the Court used the proper standard, it would have advanced this petition to the 2nd stage. To turn to the merits, the actual innocence claim is supported by numerous affidavits. An actual innocence claim has certain elements that must be shown, that the evidence is newly discovered, that it's material and not just cumulative evidence, and that it's of such a conclusive character that it would probably lead to a different result on a retrial. Other than Phillip's affidavit, which we have all this Fifth Amendment stuff out there, there were a number of affidavits that were presented, and the defendant in his post-conviction petition pointed to those individuals as the fact that he had told his trial counsel about it. So how's that newly discovered? Newly discovered, I guess, in the sense that the affidavits and the facts that are in them were provided only after, they're signed after the trial was concluded by the witnesses. But the trial counsel knew of those witnesses beforehand? Arguably, yes, and didn't investigate them, didn't do anything. And two of those witnesses actually formed the basis also for that second claim in the petition about the failure to investigate. But to the extent that the defendant is sitting in custody, unable to go out and get them himself, and relying on counsel and counsel didn't do that, they're new to him. They're signed affidavits now. There was nothing of this sort presented to the court at trial. I mean, beyond that, they're new in the sense that this is not something that was before the court before. And while the defendant exercised, I guess, his due diligence in telling his counsel about some of these witnesses, there was nothing further done by counsel. Also, I mean, some of the witnesses that provided these affidavits were people who weren't with the defendant. It's not like the case where there's an alibi and the defendant says later, well, these are newly discovered, these are my alibi witnesses. You wouldn't know who you were with. And in this case, some of these witnesses say we were at the location where the shooting occurred, and the defendant wasn't there. He wasn't the guy, he wasn't the shooter, he wasn't there. So I guess they're a little distinguishable from some of the cases that address alibi witnesses in the sense that those are people you certainly would have known not just who they were, but what they would have said. Different in that respect, I guess. But as to Phillips, you know, you're citing Volstead as indicating why that's newly discovered. The state counters with Jones. How do you distinguish Jones from this? Jones is distinguishable in that case. Like Volstead, in that case we're dealing with co-defendant affidavits. And here, this isn't a co-defendant. It's not somebody who's coming forward and recanting. It's not somebody who's maybe got some motive to have waited to tell what was going on. This is the victim, the surviving victim of the shooting. The state didn't put this guy on at trial. The defendant tried to. Had a favorable statement from him in advance of trial. Tried to call him. The witness, in the face of the state threatening a prosecution for an earlier incident on the same day, pled the fifth and was allowed to assert his Fifth Amendment right. The defense asked that he be granted immunity, and that was declined. And you're not contesting that it is the state's decision as to whether or not to grant immunity. But your argument is that they can't say that and then at the same time say, well, it's not newly discovered. They can't. Right. And that's why this case is more like Molstad. Molstad talked about, well, the co-defendants there, even if the defendant had exercised every amount of due diligence, couldn't have forced them. This defendant did exercise every possible ounce of due diligence in trying to present his testimony at trial, in arguing to this court on a direct appeal that it was wrong to allow him to assert his Fifth Amendment privilege, that he was denied due process in a fair trial by the refusal to grant immunity and was rebuffed at every effort. Now he's got the affidavit. Now Phillips has said, this is what happened. He's not the guy who shot me. So that's not newly discovered. Exactly. Will he plead the Fifth again? Presumably not. He's signed an affidavit now under oath. This is an attestation under oath. I would pass the statute of limitations. Three years. Say we are. So I think he doesn't have to plead the Fifth. I guess wouldn't have to for that. Wouldn't have to plead the Fifth and presumably would testify now because now he's provided a statement. He's sworn under oath. This is what I would say. It's not just, you know, what they had before was defense counsel had gone out and talked to him. And he had said what he says now. It wasn't Darvin Henderson who shot me. So you're not proceeding on ineffective assistance because there was nothing more that the defense counsel could have done? Not with respect to Jonathan Phillips. Not with respect to Phillips. That is actual innocence. It's at least an arguable basis of actual innocence. And that's all we need to show here. That's all that was required to advance this to the second stage. If this doesn't meet Molstad, if Phillips alone doesn't meet Molstad, I'm not sure what would. A surviving shooting victim, an eyewitness, and not just any eyewitness, the victim, saying Darvin Henderson is not the guy. The state may argue that that evidence is cumulative in light of Bickett's stipulation at trial. The state could argue that, but they didn't. They didn't argue cumulative at all before this court. Obviously, they didn't argue anything in the lower court because it was summarily dismissed. But in their brief in this court, they haven't argued that it's cumulative. Of course, we could affirm on any basis of the record. You can. But I would suggest this. The cumulativeness, number one, it's not. There wasn't an eyewitness to the shooting itself, the surviving victim, saying it's not the defendant. Who better to have seen who shot him than the victim? So I would say even if this court could affirm, knowing this court can affirm on any basis, this court shouldn't affirm on the basis that it's cumulative because it's just not. Is the statement clear enough? I mean, the statement is it's a very ‑‑ I got his hand written. It's very brief as to what happened. I mean, is it clear enough that Phillips is saying that this guy, I saw him. I saw who shot me, and this is not the person. I mean, Phillips is saying, you know, he wasn't the shooter. He wasn't involved. That's clear enough. I know the state likens this, again, to Jones where the exact language was that I am solely responsible. Again, that's a codefendant giving kind of a vague statement about, well, I'm solely responsible. That could be interpreted multiple ways, I guess. Here, the surviving victim saying, who has, I guess, no reason not to tell the truth, and this is no different than what he said to the defense attorneys when they were investigating this case pretrial, saying it's Jonathan Phillips. I submit, again, it's at least an arguable basis. It's certainly the kind of thing that could be argued at a second stage or at an evidentiary hearing, presumably at the second stage appointed counsel would go out and clear up any ambiguities or questions about exactly what he meant, exactly what he was saying, and the state would have an opportunity then to file a motion to dismiss if it wasn't clear or if they thought there was a basis to argue that Phillips was not being clear enough about exactly what happened. But this affidavit as it stands presents an arguable basis of actual innocence that it wasn't Jonathan Phillips. Do you want to move on to your ineffective assistance? I would love to. So ineffective assistance of counsel for counsel's failure to investigate the witnesses Johnson and Smith. At trial, the evidence was that Johnson chased the shooter from the scene. There was a video, it's an apartment complex where there are various video cameras, clips were played, and certainly the theory was that Johnson's chasing the shooter. Well, now Johnson is saying, yeah, and it wasn't Darvin Henderson. Defense counsel didn't go out and interview Johnson. The state concedes that as to Johnson that that's deficient performance, questions whether it's prejudice. Again, Johnson's an eyewitness. He's saying I was there, I saw the shooting, I chased the shooter. It's not Darvin Henderson. Same with Eric Smith. Eric Smith also saying I wasn't investigated, I wasn't spoken to by defense counsel in advance of trial. I was at this party that was happening before the shooting. I was also at this incident at the park earlier on where this fight alleged, I guess, to have began whatever precipitated this later shooting and contests the version of the fight, but also says I was at the apartment complex. I was at this party. I talked to Darvin Henderson. He says he was going to be with a girl. I was also there later in the stairwell when the shooting happened and Darvin Henderson wasn't the shooter. Counsel didn't investigate these witnesses. They certainly weren't called at trial. Is he that specific that he said I was in the stairwell when the shooting occurred and he wasn't the shooter? He says Darvin Henderson wasn't the shooter and didn't do the shooting. I'm talking about Smith. Smith. I thought his testimony or his affidavit was a little more generic that the defendant wasn't at the party. He didn't see him at the party. He wasn't at the party, but I think also, and I'm sorry, I don't have the exact language in front of me. He said he wasn't the shooter, that he saw the shooting and wasn't Darvin Henderson. I can certainly look at that before I find the exact language. A trial attorney have a difficult time calling Smith, assuming the trial, I'm talking about prejudice now, assuming Smith was going to testify consistently with what he said about the party and what the defendant told him he was going to do and all that. Wouldn't Smith's testimony be in direct contradiction to Culpepper and Andrew's alibi testimony? It wouldn't because those things could have both happened. Darvin Henderson could have said to Smith, I'm going to be with a girl, and he could have been with a girl, and he could have later been with Andrews playing video games from 10 till 2, because it's not clear, I guess, from Smith's affidavit at exactly what time he talked to Henderson, what time he was supposed to be with this girl. It would likely change the outcome of the trial. Maybe not that specific part of it alone, but all of what's in Smith's affidavit and all of what's in Johnson's affidavit, yes. Because, again, it's evidence that Darvin Henderson wasn't there, and if he wasn't there, it couldn't be the person who shot Jonathan Phillips. And there was, this isn't a particularly strong case. I mean, reasonable doubt was raised before this court on direct appeal and rejected, but this court certainly didn't find that the evidence was overwhelming. You know, there were problems with the evidence here. There were conflicting statements, witnesses who testified that had deals in exchange for their testimony, convicted felons, witnesses who were drunk, witnesses who were high. There's no physical evidence. None of them were very credible. So what makes you feel, or maybe the trial court feels, that the affidavit was not extremely credible? Well, the trial court shouldn't be making credibility determinations at this stage of the proceedings. We're talking first stage here, and that's clearly covered. At this point, they have to be taken as true and liberally construed. So wouldn't it have been trial counsel's ability to determine the credibility of those witnesses and decide to investigate or not investigate or call or not call? I think you'd have to investigate them before you knew if they were credible or not. It seems you'd have to at least go out and talk to them. You know, failure to investigate kind of falls outside of the realm of it's a strategic decision. It's hard to say a strategic decision was made when you didn't do the investigation to make a strategic decision. Certainly, if we were to agree with your position, I'd remand the state and go out and get an affidavit from trial counsel or call trial counsel at a hearing. Absolutely. To show what he did or did not do and why. An appointed post-conviction counsel would be under an obligation to go out and talk to these witnesses, see what exactly happened, see if they were talked to and when or what they would have said, check their backgrounds, you know, whatever would have weighed on that. But that's just not appropriate at the first stage. What we have here is enough to say that there was an arguable basis in law. This isn't some meritless legal theory. In effect, assistance of counsel for failure to investigate. That's exactly what was at issue in Hodges. In fact, this is a legal theory that has merit. And it's not based on fancy, full factual allegations. It's not fantastic. This isn't delusional. It's very possible that these witnesses were there, saw what they say they saw, and would testify to that. Their affidavits certainly support that. And for that reason, we'd say there was an arguable basis of both ineffective assistance and actual innocence and ask this court to send it back. All right. Thank you, Ms. Bryson. Thank you. You will have time for a rebuttal argument. Thank you. Ms. Joseph, you may proceed. Good morning, Your Honor. It's Victoria Joseph on behalf of the people of the state of Illinois. May it please the court, counsel. As the people addressed in their brief, there are five affidavits in the actual innocence allegation that are not actual innocence. They are not freestanding claims of actual innocence because they are attached to the defendant's post-conviction allegations that he had ineffective assistance of counsel. And those are the affidavits of Johnson, Smith, Stanford, Shipp, and Salinas were all raised under the defendant's ineffective assistance of counsel. And because they are supplementing his constitutional violation assertion, they are not to be addressed for actual innocence. But Phillips is. Phillips is. Let's talk about Phillips. Sure. All right. How does that meet the gist of a constitutional claim under the Hodges standard? Well, the people submit that the Jones case, which was also a first-stage summary dismissal of a post-conviction raising actual innocence, is very much more on point than Molstad. The people recognize that this wasn't a co-defendant situation, but I personally could not locate any cases that dealt with the fact that you have a testifying witness or a witness who is testified, is called, invokes the Fifth Amendment, is granted their Fifth Amendment privilege, and then they come back and they're not in the co-defendant setting. But the Jones analysis can also be applied here because you had a witness who were not saying that they would have been available. They were not available. That is clear. We are not arguing availability here. This is why it's in line with Jones, is there was no due diligence that could have gotten him to testify. However, his affidavit shows no bearing on his own inculpability, even if the statute of limitations has passed. He's still not putting himself at risk for anything. Why does a witness have to do that? I mean, when we talk about Jones, we talk about Molstad, and Molstad relied in part on this issue of putting themselves out there, and they could be sentenced to a higher sentence because of it. That seems fact-driven to a co-defendant situation, whereas a witness, I mean, somebody shoots me, I'm a witness, and then I have to then put myself out there for culpability before I testify? I don't think that's the only failing of this affidavit, Your Honor. Part of the failing is we don't know, we just don't know what his basis for his, he says that on page 560 of the common law record that I'm confident Darvin Henderson did not have anything to do with the shooting of Rashad Waldrop and myself, Jonathan Phillips, by police. By personal knowledge and through those who attended the party. We don't know what his actual personal knowledge was. This could have been mostly what he learned from people attending at the party, which would be hearsay. Also, is that not for a gist? Well, you also have the fact that counsel was stating that presumably the defendant, sorry, that Phillips would testify because he provided an affidavit. His affidavit basically flies right in the face of that presumption when he says that he would, I don't wish to indulge any further about the shooting. He's not making himself available, and that is one of the things in Jones that was being considered is you're still putting the availability in question. And you need to have a certainty of availability, which is not what's coming through from Phillips' affidavit. He doesn't say I'm not going to testify. He doesn't say he's not going to testify. He's not going to talk. He's not going to indulge any further about the shooting. In that particular document. Doesn't the defense have an opportunity to slap a subpoena on and bring him into court and now he doesn't have a Fifth Amendment right? Honestly, Your Honor, I don't know all of the facts involved with Phillips as to what his entire involvement was of what statute of limitations was run or what he could have been prosecuted with. Well, he was allegedly took a chain by force. No, I do know those facts, Your Honor. But as far as having been appointed counsel, counsel came forward and said, yes, he would self-incriminate himself on cross-examination. Honestly, we don't know what the extent of that self-incrimination would have been. So we resolve that in favor of not going forward to the second stage under Hodges? In light of the fact that you have vague statements from Phillips, that is not necessarily we don't know what's based on his personal knowledge versus what's based on someone else. We don't actually have him saying he didn't have anything to do with the shooting act. What do you need for the gist of a constitutional point? You need an arguable basis in fact or law. Okay. So are you submitting that this is not an arguable basis? Because it's vague statements revealing no facts, not revealing the basis of knowledge is not showing a certainty of availability. The trial court knocked this statement out on race judicata grounds. I mean, you would agree that that's not really proper, correct? Under the actual innocence claim. Right. Under ineffective assistance of counsel, that's a little murkier procedural posture as far as race judicata goes. We can switch over there now unless you have some other questions. But you did argue under race judicata. Yes, Your Honor. It would apply under the ineffective assistance of counsel. I'm just curious as to how it would apply when part of our initial decision on appeal was these two witnesses, Smith and Johnson. Basically, we just knocked it out in a paragraph saying we don't know what they would say. So it's speculative as to we can't say ineffective assistance of counsel. We were almost setting up this post-conviction petition saying, you know, if we don't have any information that's in the record regarding what they're going to say. That post-trial counsel was not ineffective. The problem with race judicata is that when claims that were raised or could have been raised on direct appeal and are not, they are barred. And the problem here is distinguishable from LIGON, or LIGON, I'm not sure how it's pronounced, where they had claims that were not directly raised or precisely raised in the first instance. In the post-trial motion, those were found to pass on to the post-conviction. These claims were directly raised in the post-trial motion that trial counsel was ineffective for failing to investigate Smith and Johnson. So it was raised precisely in the post-trial motion. And that is where it is distinguishable from LIGON because it actually was raised below. Unfortunately, it was not raised in the direct appeal. It was raised under ineffective assistance of post-trial counsel, not ineffective assistance of trial counsel. And the people recognize the fact that you didn't have the affidavits at that time, but the actual claim was raised precisely below. Could they have gotten the affidavits at that time? Having seen cases where there are affidavits attached to post-trial motions, yes, Your Honor. The people are not aware of anything prohibiting a post-trial motion from having affidavits. And as far as the arguable claim of ineffective assistance on Smith, there's a misstatement in the defendant's reply brief as to what was actually said in the affidavit. This is on page 579 of the common law record that Smith was present at Farnsworth Park, the gas station, and lastly, the apartments on River Street and Aurora. I never seen Darvin Hendersons at the party that took place on River Street. If Darvin would have attended, I would have obtained a call. And further down, I have no knowledge to Darvin's chain being took, and Darvin wasn't the shooter. He had no reason to commit the murder. There was no beef between those parties. It does not say that he was in the stairwell and saw the shooter. It does say he was present at the party. It says he was present at the party and at the apartments. There were two parties going on in that apartment complex, one on the third floor, one on the fourth floor. The fact that Darvin Henderson was not at the party is what his affidavit states, doesn't contradict anybody else's testimony. Nobody else placed the defendant at the party. They placed him outside of the apartment complex, and they placed him in the lobby. This sounds like a great argument. If this goes to the second stage, and appointed counsel on post-conviction sticks with these affidavits, doesn't go out and get supplemental affidavits and says, we're just going to stick with this affidavit of Smith. That sounds like a great argument. Basically, it's what it's saying and what it's not saying.  It's somebody saying, I was there at the apartments, I was at the party, and he was not the shooter. There's a statement in here, and I don't know how he knows that. I understand that, but we're looking at burdens and where we are in the proceedings here, and somebody who's present saying, Darvin wasn't the shooter. If counsel points out, do we get to the credibility of the affidavits at the first stage? No, we're supposed to take the allegations. That's true. Credibility and sufficiency are two different things. I understand that. You're arguing sufficiency. Insufficiency, I guess. I certainly understand that. But the question is, where do we cross the line of gist? There still needs to be an arguable basis, Your Honor. And this falls short because not placing the defendant at the party, placing him with a woman earlier in the night, when you also have the contradictory testimony of two people who placed him, I think, between 10.30 and 2? Yeah, 10.30 to 2. You have two people that already placed him with them. So you now have somebody who's not seen at a party. Well, it's not ineffective for not calling a person that's also going to say he wasn't at the party because you already had two people that said he was on the other side of town playing Xbox games. I think she's looking at it as an actual innocence claim, correct? But it can't be an actual innocence claim, Your Honor, because it's an ineffective assistance of counsel. It's not a freestanding claim of actual innocence if it's tied to a constitutional violation. And that's under Orange and Hawley. Do we look at these petitions in total or do we look at them in little bits and pieces? I mean, we can tear apart the Smith affidavit and we can tear apart the Johnson affidavit and the Phillips affidavit. But the question to me is, I mean, looking at Phillips, the guy that gets shot, Johnson, who says he's right there and sees, again, I guess maybe I'm taking liberties with the affidavit, but they'd argue, the defendant would argue, was at the scene, saw the shooter run away, wasn't him. The guy who gets shot said it wasn't him. Smith said, I was there. He wasn't the shooter. I mean, again, we could pick these three affidavits apart, but all three of them together, isn't that enough to get over that hill? Well, Phillips has to get over the actual innocence hill, which the people submitted does not. And then the other two would have to get over the ineffective assistance of counsel. Smith's, I'm sorry, Phillips did not get, the people submit, Phillips does not get over actual innocence. The people submit Smith's does not get over the hurdle of ineffective assistance because of the contradictory nature of, you already had alibi witnesses who were testifying. And Johnson's, you still do have to look at each step individually, Your Honor, because. Because they're raised for different reasons. They're raised for different reasons. We can look at Smith and Johnson. You can look at Smith and Johnson together. But again, the people, the people submit there, there's no prejudice where you already had alibi witnesses who placed him away from, from a certain time period. I just have one more quick question. Is there anything, I was going to use the word untoward, but that's maybe a little strong. But the state takes actions that result in this guy taking the fifth, Phillips. Then the state now is trying to, you know, toss out this, the trial court tossed out the post-conviction petition. The state is asking us to affirm, again, on the basis of, for other reasons, keeping these allegations out of the trial court. And these, these statements of, again, a person who's shot. I mean, the person who's in the stairwell when this happens and theoretically says, that guy didn't shoot me. Is there anything, I don't know, I don't know what word to use. But I think we're not right. I was going to say untoward. Again, that may be a little strong, but anything that you don't think sits well based upon these arguments. As not knowing what Phillips would say and as the basis of his affidavit being so vague and weak. I don't see that what he is or refuses to come forward with. So what you're saying is if his affidavit was crystal clear, what he saw, when he saw, you'd have a much tougher time? I'd have a tougher time. May I make one last statement as far as the arguable basis? One of the last statements that counsel made was the fact that it's possible that these would show ineffective assistance of counsel. However, the standard is probable. Possibility of exonerating evidence or the possibility showing it wasn't the defendant is not, is still not at an arguable basis. It still needs to show probability. And in the cases of these affidavits, it does not show a probability. Thank you, Ms. Joseph, for your argument. Thank you, Your Honor. Ms. Bryson, you can proceed with your ballroom argument. Thank you, Your Honor. First, to clarify, the Smith affidavit doesn't say he was in the stairwell. I misspoke or overstated maybe what it says. But it does say, Darvin wasn't the shooter. It doesn't say any more than that as to that point, how he knows that. But Darvin wasn't the shooter. At this point, that has to be taken as true and liberally construed in favor of the defendant. As to the point about Phillip's affidavit and it being maybe not as clear as the state would like it to be, because he says it was based on personal knowledge and those who attended the party. The state didn't have any problem when Nakaya Hosey testified that her statements about what happened were based on personal knowledge and what others had told her. That was testimony at trial. This is no less clear than that. Isn't this testimony cumulative? I mean, he had alibi witnesses. He had testimony that he wasn't there. How is it that this creates a gist of a new, of something that was not discoverable before? That testimony wasn't there from people who weren't there. This is testimony from people who were there, who saw what happened, saying it wasn't Darvin Henderson. So he's getting a second bite at the apple. I think it's a second bite at the apple. First of all, he tried to take a bite at this apple at trial. And as Justice Burke brought up, the state took efforts, I think, to not allow Phillips to testify. Which helps, but how about the other two? That's where his trial counsel, I guess, failed him. I mean, I think this court should look at the petition as a whole, your question about doing piece by piece by piece, as a whole. Johnson and Smith, if they're not strict, the actual innocence, ineffective assistance, they at least corroborate what Phillips is saying now, which I think only strengthens that actual innocence claim. But it's ineffective assistance in that counsel didn't go out and talk to him. These are people who are at the scene. It's not a second bite if your counsel fails you. I mean, this is a valid claim of ineffective assistance of counsel. And maybe I said possible in my argument. I certainly meant probable. I think it's very probable, based on these affidavits, that these witnesses would say, what's in these affidavits? Which is, Darvin wasn't the shooter. He wasn't there. He wasn't the shooter. The trier effect in a case like this, where it wasn't overwhelming, the state's evidence was far short of overwhelming, this has a reasonable likelihood of changing the outcome in a retrial. It's at least arguable. What about the comment that Phillips makes in his affidavit, that he doesn't wish to discuss this any further, or words to that effect, he says? I think part of the problem, he says, I don't wish to indulge any further about the shooting. Your position is, he's not saying he's not going to testify. He's not going to write it in the affidavit. But he does say, in the affidavit, Darvin Henderson is in prison for a crime he had nothing to do with. Right, and he says, I don't wish to indulge any further about the shooting, but know that Darvin Henderson did not take any part in what happened. These are lay people drafting affidavits. This isn't a lawyer framing off exactly how I want it presented, or this court would want to hear it. These are lay people drafting their own affidavits, maybe trying to use fancier language than they need to, maybe holding back a little when he says, I don't want to indulge any further about the shooting. I read that as, I don't want to write it down. I don't want to write down here who shot me. It at least deserves a further look. It's like Forrest Gump saying, that's all I've got to say about that. I'm sorry? It's like Forrest Gump saying, that's all I've got to say about that. Exactly. It at least deserves another look. It shows an arguable basis. It shows there's a source for what the defendant is claiming in this petition. There are witnesses to back up what he's saying. This should have advanced to the second stage, and I'd ask your honors to send it back for those proceedings. Thank you. We'd like to thank both the attorneys for their arguments today. Very well done. And we'll take the case under advisement, and we'll take short recess.